## BRIDGET NOONAN *vs.* JAMES BROGAN.

If the complainant in a case under *St.* 1859, *c.* 239, relating to the bastardy process refuses or neglects to proceed with her complaint, after the same has been entered in the superior court, and any one of the public officers therein enumerated and authorized to do so seeks to intervene and prosecute the same to final judgment, he should make application to the court and obtain leave; but if such officer has been allowed to come in and prosecute such complaint without formally obtaining leave, and no objection was made at the time to the omission, and the defendant does not show that he has sustained any real and substantial injury from the irregularity, a new trial will not be granted.

A jury may find one to be guilty of being the father of a bastard child upon the evidence of the mother alone, taken in connection with the record of the preliminary proceedings in the case.

COMPLAINT under *St.* 1859, *c.* 239, charging the defendant with being the father of a bastard child with which the complainant was pregnant.

After the case was entered in the superior court, and a new complaint filed therein, J. G. Locke appeared and prosecuted the same under the authority conferred by the following paper, which was filed in court: "Boston, Aug. 4, 1860. Whereas Bridget Noonan made a complaint under the bastardy law against James Brogan, but has neglected to prosecute the same, you are hereby authorized to prosecute the same to final judgment for and in behalf of the Commonwealth. H. B. Wheelwright, Ch. Alien Commrs." There was no record of Mr. Locke's appearance in the case.

At the trial, the only witness called was the complainant.

The defendant objected that her evidence alone, taken in connection with the record, did not warrant the jury in finding a verdict of guilty; but *Putnam*, J. ruled otherwise, and a verdict of guilty was returned. The defendant alleged exceptions.

*C. H. Hudson*, for the defendant.

*J. G. Locke*, for the complainant, was not called upon.

MERRICK, J. It appears from the record that Bridget Noonan made her complaint to the police court in the city of Cambridge against the defendant, wherein she alleged that he was the father of a child of which she was then pregnant, and which if born alive would be a bastard; that thereupon a warrant was issued against him, by force of which he was arrested and brought before said court; and that, after due proceedings had thereon, he was required to give bond with sufficient sureties to appear at the term of the superior court for the transaction of civil business then next to be holden within and for the county of Middlesex, to answer to said complaint, and to abide the order of said court thereon. It also appears from the record that the case was entered at the then next ensuing term of said court, and that the complainant then personally made a new and formal complaint against the defendant, setting forth the same charge and accusation against him; and that he filed, in answer thereto, his plea in writing that he was not guilty. Upon this issue a trial was had, and the jury returned a verdict for the complainant. All these proceedings appear to have been perfectly regular and correct, and in strict accordance with the provisions of the statute in relation to such cases. Gen. Sts. c. 72. And there is nothing in any part of the record having any tendency to show any deviation from the usual and ordinary course of proceeding, or that the complaint was promoted or prosecuted by any person other than the complainant herself. As judgment can be arrested after verdict only for causes apparent upon the record, it is a necessary consequence that, upon the facts above stated, the motion of the respondent to that effect was properly disallowed. 1 Chit. Cr. Law, 661.

It has however been argued in support of the exceptions that after the complaint was entered in the superior court, the

Commonwealth, by its authorized agent, did in fact intervene, and thenceforward assumed the conduct of the prosecution, and carried it on for its own benefit. And this is not denied, but is conceded by the attorney who has under the authority given to him appeared in behalf of the prosecution, and now seeks for the rendition of final judgment. And upon this subject, reference is made to the written authority and directions contained in the paper purporting to be signed by H. B. Wheelwright, one of the alien commissioners; which paper was filed in the case on the 29th of October 1861. This was subsequently to the new complaint made in the superior court by the complainant. The statute provides that whenever a woman shall have made her complaint in accordance with its provisions, and shall afterwards neglect or refuse to prosecute the same, one of the alien commissioners, among other enumerated officers, may prosecute the same to final judgment for the benefit of the state. § 2. Assuming as a fact, what is asserted on the one side and conceded on the other, namely, that from and after the time of the filing of the paper purporting, as above stated, to be signed by Wheelwright, Mr. Locke appeared in the case and conducted it thenceforward for and in behalf of the Commonwealth, it is perfectly clear that, upon the present bill of exceptions, the defendant cannot take any advantage of the proceeding, if there was any irregularity in it, or even bring any question concerning it to the consideration of this court. But as the provisions of the statute upon this subject are quite recent, and consequently as there is no established course of practice under them, it seems proper to say, that whenever any of the officers to whom authority for this purpose is given shall seek to intervene in the further prosecution of a complaint of this kind, upon the ground that the woman by whom it is made refuses or neglects to prosecute it further, application should be made to the court, and leave granted, if the state of facts be such as shall warrant or require it. This is essential to the regularity of the proceedings, and to the security of the rights of the defendant. For upon the application being made to the court, he will have an opportunity to interpose any legal objection which

may exist to its allowance, and to ask for and obtain all such orders and directions, in relation to any additional allegations or averments, which may be necessary or suitable upon the appearance and intervention of a new party, or to any other matters in which he may have a right or interest. In the present case, after a trial has taken place, and exceptions to the rulings of the court upon wholly different grounds have been brought into this court, it is obviously too late to make any motion upon the subject, or to insist upon any objection on account of some supposed irregularity in relation to it. His omission, when the Commonwealth by its agent or attorney first appeared, or afterwards during the further prosecution of the complaint, to bring it to the attention of the court by some suitable call or motion, must now be considered as a waiver of his right to have done so at an earlier period. Yet if he could show that in relation to a new statute, which had never been subjected to judicial examination by the court of last resort, he had, in common with the other party, fallen into error, as to the mere matter of the course of proceeding, and that in consequence of it he had sustained any real and substantial injury, this might be a proper subject for consideration in the court where the cause is still pending, upon an application by him for relief. And a new trial might be there granted, if in view of all the circumstances it should appear that justice requires it.

The evidence submitted to the jury was undoubtedly competent. It was within their province to decide upon the credibility of the witness, and to determine if her testimony, in connection with what was otherwise shown by the records, was sufficient to prove the allegations in the complaint. The court would have erred, if it had sustained the objection of the defendant upon this subject. *Exceptions overruled.*